1824.

Deklyn
v.
Davis.

———————————

CHARLES W. APTHORPE and others

v.

JOHN COMSTOCK and others.

It is a proper head of equitable jurisdiction to relieve against fraudulent deeds.
An answer denying all knowledge and belief of the alleged fraud, is not sufficient whereon to dissolve an injunction against ejectments prosecuted on such deed.
An injunction is in such case, properly auxiliary to the relief sought, as this court takes the whole controversy into its own hands, to prevent double litigation, and give more effectual relief than can be done at law.
It is the practice of the court to order deeds and papers contested as false and fraudulent, to be brought into court for inspection.

THE object of the bill in this cause, was for relief against a deed of conveyance of lands, alleged to be forged or fraudulent, or otherwise invalid, and for an injunction to restrain the prosecution of certain actions of ejectment grounded on the deed. The bill also prayed to have the testimony perpetuated.

The lands are situate in Ontario county, and the common source of title was one Andrew Pierce, who it was admitted, executed in due form a deed of conveyance of these lands to James Davenport on the 31st of January 1793.

The lands were then in a wild state. James Davenport died in 1797, leaving four infant daughters his heirs, who with their now husbands are the complainants. And the bill charged, that Davenport and his heirs had been ever since in virtual or actual possession, and had never heard of any adverse claim till March 1819, when a claim was set up under the deed against which relief was now sought.

The deed set up by the defendants, bears date on the 10th of November 1792, and purports to have been made by the said Andrew Pierce to Enoch Comstock deceased, the ancestor of the defendants, and to be attested by Judson Stiles and John Jarvis as witnesses; and it was recorded in the office of the clerk of the county of Ontario on the sixth of May 1820, upon a certificate of due proof of the same made before a commissioner by the oath of the said John Jarvis.

Neither the complainants nor defendants had any personal knowledge of the early transactions regarding the deed in controversy. The bill alleged, that the proof of the deed was made before the commissioner by the perjury of John Jarvis, who at the time the deed bears date was a boy that could neither read nor write; and that Jarvis finding his falsehood detected, had now denied that he was the person who made proof of the deed. The bill also set up a long train of other circumstances which it was alleged, showed the fraud.

The answer set up another John Jarvis than the one mentioned in the bill, as the person who had truly proved the deed, denying also that this last had ever proved it, and alleging that the true John Jarvis was now dead. The history of the deed as alleged by the answer, was that Enoch Comstock

about 1803, being anxious to have the deed recorded, had delivered it to one David Tallman, desiring him to find Jarvis the witness, (Stiles the other witness being dead, and the grantor having absconded,) in order to have the deed proved : that Enoch Comstock died in 1807 without leaving any memorial in his family of the deed, and that Tallman had never been able to find the true John Jarvis till 1820, and then had endeavoured to keep the deed to speculate upon the parties, but was compelled by the defendants to deliver it up. The defendants say they never saw the deed till 1820, and knew not, except from the information of Tallman, by whom it was acknowledged.

The statement of facts on both sides was long and complex ; and the above is selected from a mass of facts, only to give a view of the character of the cause and the pretensions of the parties respectively, so far, that the effect of the decision of the court may be sufficiently understood.

Notices were now given of cross motions; on the defendants' part, for a dissolution of the injunction, and on the complainants' that the deed might be deposited with an officer of the court for the inspection of the complainant, his witnesses, &c.

Mr. SPENCER for the defendants.

The case made by the bill is merely at law. It is a question of title depending upon matter in pais ; and of that the courts of common law have exclusive jurisdiction. The complainants can never therefore have a decree here. 1 Scho. and Lef. 316. 3 Atk. 439. Cooper's Plead. 52.

This court will not entertain a bill upon a simple legal title. Pr. Kent chancellor. 2 John. ch. 521. 524. and see 6 Bro. 1 C. 576. 1 Mad. 135. Wightwick Ex. 184. 236. 2 Scho. and Lef. 208.

If a discovery was wanted, they now have it. The exceptions are fully answered, and the bill in such case must be dismissed, 1 Anst. 83.

If forgery alone had been stated as the ground of relief we might have demurred.

There might indeed have been some ground of equity, on the non delivery or redelivery of the deed to Comstock ; but that

1824.

APTHORPE
v.
COMSTOCK.

being answered and denied to the utmost of the defendants' power, is now done away.

If the object be to avoid the conclusiveness of the record of the deed, we might have no difficulty to agree that it shall not be used on trial. We expect to prove the deed by the signatures.

Or the court, in the exercise of a sound discretion, may dissolve the injunction so far as to allow a trial of the ejectment, but not a change of possession till further order. Eden on inj. 69, 70.

The defendants by their answer, deny all the equity of the bill, all fraud, and all combination with Tallman and others. The fraud is directed against them.

As to the deposite of the deed; such an order would imply that the deed is suspicious; whereas here is no proof against it, and whether forged or not is a question yet to be tried at law. It must be tried at law, even if the injunction is retained: there is then no reason for retaining it. 6 Ves. 294.

MR. S. M. HOPKINS contra. 1. To order deeds and writings to be delivered up and cancelled, forms a specific head of equity jurisdiction, on many and various grounds.

As if void by statute, or on the ground of public policy. 10 Ves. 218. 5 Ves. 28.

If a vexatious use may be made of them. 7 Ves. 21. If fraudulent, although an action will lie. 7 Ves. 414. If forming a cloud upon title though void in law, which is this case. 17 Ves. 111. So usurious and fraudulent notes. 2 Mad. 368. 2 Ves. 579.

The late chancellor ordered a forged deed to be delivered up to be cancelled in Bushnell v. Harford, 4 John. 301.

2. If a deed is shewn to contain a falsehood, it lies upon the party claiming under it to support it. 2 Scho. and Lef. 502. Now in this case, the proof of the deed is at any rate false, for the commissioner certifies that the witness was " satisfactorily known to him," although it is now certain from the answers, that he was imposed upon. He did not know either of the Jarvises, and no witness was sworn to identify the one who appeared.

3. If fraud is charged, it is not enough to deny it from information and belief, pr. Kent ch.   2 John. ch. 202.

"In usury and forgery, if proof can be made of it, the court "will let the cause proceed to a hearing and direct an issue, "though it will not oblige the party to give a discovery."   2 Ves. 246.   This rule of lord Hardwicke is adopted as a principle, in the late work of Mr. Maddock.   2 Mad. ch. 254.

But whatever objections might have been made to the frame of the bill originally, none can be made now, since they have not demurred, but gone to issue upon the facts.   This doctrine is very fully illustrated by Thompson J. in Ludlow and Simond.   2 Cai. ca. in error, 40, 41. ; and is originally laid down in the Forum Rom. 51. and 219.

"He should have demurred," said the late chancellor, in a case where the same objection was urged, Livingston v. Livingston.   4 John. ch. 290 ; where as usual, he cites all the cases.

We do not admit however that they could have demurred here.   Equity has concurrent jurisdiction.

THE CHANCELLOR.   The defendants claim title to the lands in question, under a deed from Andrew Pierce to Enoch Comstock, dated in 1792, which has been recorded.   The complainants allege, that this deed is forged or fraudulent; and the object of this suit, is, to obtain relief against the deed, as a fraudulent conveyance.   The allegations of the bill, respecting this deed are various ; but so far as it is necessary now to consider them, the substance of them, is, that this deed as it now exists and is attempted to be used, is a fraud.

The defendants by their answers, insist, that this deed is genuine ; and in respect to the charge of forgery and most of the statements of the bill, constituting or tending to show fraud, they say, that they have no knowledge of the matters thus alleged and that they do not believe them to be true. The sum of their answers, is, that they disbelieve the material allegations of the bill; but that they know not, whether those allegations are true or false.   The material frauds charged in the bill, were the acts not of the defendants, but of other persons ; the defendants were not parties in those transactions ;

1824.

APTHORPE
v.
COMSTOCK.

and as strangers to the acts of others, they have not necessarily any knowledge of such acts. As the cause now stands, both the bill and the answers may be true, in the most material points of the controversy. The deed may have been forged or fraudulently obtained; and the defendants may be in good faith, ignorant of any such fact. Where a defendant thus states his ignorance of the principal allegations of the bill, and merely asserts that while he is ignorant, he does not believe them to be true; such an answer can hardly be deemed a sufficient denial of the facts alleged in the bill, to dissolve an injunction issued as properly auxiliary to the relief sought. This case is like that of Roberts v. Anderson, 2 Johns. ch. 204; in which, this court continued an injunction, after a similar answer.

As a suit for relief against a deed alleged to be fraudulent, this bill presents a proper case of equitable jurisdiction. The injunction which has been issued, restrains the trial of the actions of ejectment, founded on the deed in question: and the answers do not deny the frauds charged by the bill, in any such manner as to possess the weight of evidence. But it is urged on the part of the defendants, that as the questions of forgery or fraud involved in this cause, may be proper for a trial by jury, no injury can result from permitting the trial of the ejectments to take place. In all cases like this, the course of this court, is, to restrain proceedings at law, while a suit here, involving the same question, is depending and the equity of the bill is not sufficiently denied by the answer. The questions in this cause or some of them, might indeed, be tried at law; repeated trials might take place, if equity should not interpose; and the possession of the land might be changed: but the courts of law can not give the relief sought by this bill; the suit in this court must still proceed; double litigation might thus take place; and in the end, if the title derived from this deed is fraudulent, it can only be effectually extinguished by a decree in equity. In such cases, the court in which equitable relief is sought, and which alone can give that relief, takes the whole controversy under its own control, and prevents any litigation, excepting that which itself directs, as conducive to its own decision. The injunction to prevent suits and trials at

law, in such cases, is a measure of course, in the practice of courts of equity. 1 Madd. 225. Wyatt P. R. 236. Eden on inj. 69. 86. 1 Johns. ch. 211. 4 Johns. ch. 301.

The real truth of the questions upon which this controversy depends, is so obscure and so entirely uncertain, upon the bill and the answers, that according to the principles and practice of this court, it can not be proper, that the litigation at law, should now proceed; and the motion to dissolve the injunction is denied.

The motion of the complainants that the contested deed and the promissory note, be brought into court, for inspection, is in conformity to the practice of the court; and is granted.

*Affirmed 8 Cow. 386, Ct of Errors—*